IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 1:22-CR-320 |
| | : |
| v. | : (Judge Neary) |
| | : |
| MATTHEW BERRESFORD, | : |
| | : |
| Defendant | : |

## MEMORANDUM

Pleading guilty is a "grave and solemn act." Brady v. United States, 397 U.S. 742, 748 (1970). Accordingly, a defendant may only withdraw his guilty plea to a non-binding plea agreement if he has a fair and just reason to do so. FED. R. CRIM. P. 11(d)(2)(B). Defendant Matthew Berresford does not, so the court will deny his motion. (Doc. 79).

## I.   Factual & Procedural Background

In September 2022, Matthew Berresford was charged in a five-count indictment with production of child pornography in violation of 18 U.S.C. § 2251(a) (count 1); attempted production of child pornography in violation of Section 2251(a) (count 2); coercion and enticement of a minor to engage in sexual activity in violation of Section 2422 (count 3); receipt of child pornography in violation of Section 2252(a)(2) (count 4); and commission of a felony sex offense involving a minor when required to register as a sex offender in violation of Section 2260A (count 5). (Doc. 1). Berresford was previously convicted of Third Degree Sexual Offense under Maryland Criminal Law Article § 3-307 (10-K-10-0478900) in 2010. (See id.)

On September 30, 2024, Berresford pleaded guilty to count one pursuant to a plea agreement. (Docs. 47; 78 ("9/30/24 Hearing Tr."), 28:3-8). At the change of plea hearing, Berresford accepted the government's recitation of facts and conceded his guilt. (9/30/24 Hearing Tr., 27:24-28:8). He also agreed that he was of sound mind, fully understood the terms of the plea agreement, and was pleading guilty out of his own volition. (Id. 4:4-22, 6:10-24, 13:10-14:2, 22:5-10, 28:3-15).

Over a year later, Berresford orally moved to withdraw his guilty plea on the day he was set to be sentenced. (Docs. 77, 79). In his briefing, Berresford contends he is factually innocent and was mentally unwell when he pleaded guilty because of the conditions of his confinement. (See generally id.). The motion is fully briefed and ripe for disposition. (Docs. 80, 84, 92).

## II.  Discussion

Before a court accepts a defendant's guilty plea to a non-binding plea agreement at a change-of-plea hearing, he may withdraw his guilty plea for any reason. FED. R. CRIM. P. 11(d)(1). But his ability to do so "wanes as the case proceeds." United States v. Agarwal, 24 F.4th 886, 890 (3d Cir. 2022). After a court accept his guilty plea, the defendant may only withdraw it if he identifies a "fair and just reason" justifying the withdrawal. FED. R. CRIM. P. 11(d)(2)(B). Certain justifications, such as "[a] shift in defense tactics, a change of mind, or the fear of punishment," are inadequate "to impose on the government the expense, difficulty, and risk of trying a defendant who has already acknowledged his guilt by pleading guilty." United States v. Jones, 336 F.3d 245, 252 (3d Cir. 2003) (citation omitted).

2

The court has already accepted Berresford's guilty plea, so he "bears a substantial burden" of making this showing. United States v. Siddons, 660 F.3d 699, 703 (3d Cir. 2011) (internal quotation marks and citation omitted). Courts evaluate a motion to withdraw a guilty plea on three factors "(1) whether the defendant asserts his innocence; (2) the strength of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." United States v. Rivera, 62 F.4th 778, 788 (3d Cir. 2023) (quoting Jones, 336 F.3d at 252). The government need not demonstrate prejudice where the defendant fails to make out the first two factors. Jones, 336 F.3d at 255 (citing United States v. Harris, 44 F.3d 1206, 1210 (3d Cir. 1995)).

Berresford does not establish a fair and just reason for withdrawing his guilty plea. He protests his innocence, claiming (1) "the Government does not have sufficient evidence to prove that the alleged inappropriate communications were made by [him];" (2) "[t]here is no evidence to show what specific device possessed by [him] was used to make any alleged illegal communication; and," (3) "no evidence of an alleged inappropriate communication was found on any device linked to [him]." (Doc. 79 ¶ 16).

Berresford's bald claims of his innocence are unavailing.[1] See United States v. Kwasnik, 55 F.4th 212, 217 (3d Cir. 2022) ("Bald assertions of innocence . . . are insufficient to permit a defendant to withdraw [his] guilty plea. Assertions of innocence must be buttressed by facts in the record that support a claimed defense.") (quoting United States v. Brown, 250 F.3d 811, 818 (3d Cir. 2001)). First, Berresford previously conceded the government did, in fact, have sufficient evidence to prove his guilt on count one beyond a reasonable doubt. (9/30/24 Hearing Tr., 27:24-28:8). Second, Berresford's assertions concerning the device used to engage in these inappropriate communications are, again, belied by the facts to which he stipulated at his plea hearing. Among other things, these messages were sent from an IP address associated with Berresford's home, officers seized the Samsung Galaxy cellphone that Berresford used to send these messages at his home, and officers encountered Berresford "wearing the same t-shirt and shorts as those depicted in the videos that he sent to the victim." (Id. 25:5-13, 27:11-23). Nowhere does Berresford contest the veracity of these specific facts, which are sufficient to tie him to the crime for which he has pleaded guilty.

Even if Berresford's claims of innocence sufficed—and they do not—he does not present a strong justification for withdrawing his guilty plea. See Kwasnik, 55

---

[1] In his reply brief, Berresford contends "[i]t was only after the completion of the Presentence Report that Mr. Berresford understood exactly what had happened. He then quickly notified counsel to assert his actual and factual innocence." (Doc. 92 at 2). Berresford's presentence investigation report was finalized on February 7, 2025. (Doc. 65). He fails to explain why he waited until October 9, 2025, over eight months later and on the day he was set to be sentenced, to raise this issue with the court.

4

F.4th at 217 ("[A] defendant seeking to withdraw his guilty plea must 'give sufficient reasons to explain why contradictory positions were taken before the district court and why permission should be given to withdraw the guilty plea.'") (quoting United States v. Jones, 979 F.2d 317, 318 (3d Cir. 1992)). He argues that he suffered from, among other things, hallucinations and cognitive dissonance due to his confinement, which made him unable to fully understand the consequences of his guilty plea. (Docs. 79 ¶ 18, 80 at 5-6).

While the court does not discount the weight of mental health issues, Berresford has not substantiated that he, in fact, suffers from these issues. At his plea hearing, Berresford affirmed—under oath—he had never been treated for a mental illness, none of his prescription medications affected his thinking, understanding, or judgment, and he was feeling well and understood what was occurring. (9/30/24 Hearing Tr. 4:4-22). Accordingly, the court accepted Berresford's guilty plea and found him "fully alert, competent, and capable of entering an informed plea, and that this plea is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense pled to." (Id. 28:9-15). The record before the court does not support Berresford's claim of being mentally ill. (See, e.g., Doc. 65 ¶ 53 (portion from Berresford's pre-sentence investigation report noting Berresford "denied any history of mental or emotional health issues and noted he does not believe he needs mental health treatment" and that Berresford's "father verified his mental health history.")). Thus, Berresford has not met his "substantial burden" to warrant the withdrawal of his

5

guilty plea. <u>Siddons</u>, 660 F.3d at 703. As a result, the government need not demonstrate prejudice. <u>Jones</u>, 336 F.3d at 255.

### III.   Conclusion

Berresford moves to withdraw his guilty plea, claiming he is factually innocent of the offense to which he pleaded guilty and was mentally ill when he pleaded guilty. (Doc. 79). But his claims of innocence are belied by the record, and he has not offered any evidence demonstrating mental illness. Therefore, his motion will be denied. An appropriate order shall issue.

/S/ K<small>ELI</small> M. N<small>EARY</small>
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:    November 26, 2025